**Roberta SCHALIT, Plaintiff,**

v.

**CIGNA LIFE INSURANCE COMPANY OF NEW YORK, Defendant.**

**No. 07 Civ. 476(CM).**

United States District Court,
S.D. New York.

March 6, 2008.

Jeffrey David Delott, Law Offices of Jeffrey Delott, Jericho, NY, for Plaintiff.

Emily Anna Hayes, Fred N. Knopf, Michelle Marie Arbitrio, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains, NY, for Defendant.

## ORDER CONVERTING MOTION TO MOTION FOR SUMMARY JUDGMENT

McMAHON, District Judge:

Plaintiff Roberta Schalit filed the instant complaint alleging that defendant wrongfully terminated her benefits under a Long Term Disability Plan maintained by her employer, Union of American Hebrew Congregations. The complaint alleges that the termination of benefits violated the Employee Retirement and Security Act (ERISA). Defendant moved to dismiss the complaint on the ground that its plan qualifies as a "church plan," which is exempt from ERISA pursuant to 29 U.S.C. § 1002(33)(a). Plaintiff opposes the motion, but cross-moves in the alternative for leave to file an amended complaint, which she attaches to her responsive papers. The proposed amended complaint includes claims for breach of contract (as an alternative to her ERISA claim) violation of Section 349 of the General Business Law of the State of New York, and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961.

■ In considering a motion to dismiss, the court may consider, not only the allegations contained within the four corners of the complaint, but also the full text of documents on which plaintiff relied in bringing her lawsuit. *Rothman v. Gregor*, 220 F.3d 81, 88–89 (2d Cir.2000). Plaintiff was insured under Cigna's Group Long Term Disability Policy No. NYK 30042, which was issued to the Trustees of the Reform Pension Board Trust. (Cplt.10). The policy is referenced in the complaint, and the court has considered the text of the policy in reaching its conclusion. The court may not consider any other documents on a motion to dismiss.

Plaintiff was employed by the Union of American Hebrew Congregations as Associate Director of AZRA—World Union for Reform Judaism. (Cplt.7). Her employer "made the LTD Plan available for its Rabbis, Cantors and select upper level executive management," including plaintiff "together with other regular employees of the Employer." By its terms, the Plan (Cplt.Ex. C) covers 7 separate classes of eligible employees who work for an "eligible employer" as defined by the Reform Pension Board. (Schedule of Benefits, Cplt. Ex. C, pp. 4–5).

ERISA exempts church plans from the statute's coverage. Congress defined "church plans" as "a plan established and maintained for its employees ....by a church or by a convention or association, which is exempt from tax under section 501 of Title 26." 29 U.S.C. § 1002(33)(a).

Pursuant to ERISA § 1002(33)(c)(i), a "church plan" includes:

> a plan maintained by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches.

An organization is associated with a church if it "shares common religious bonds and convictions with that church or convention or association of churches." 29 U.S.C. § 1002(33)(c)(iv). An organization is controlled by a church when, for example, a religious institution appoints a majority of the organization's officers or directors. Definition of a Church Plan, 26 C.F.R. § 1.414(e)1(d)(2) (2000).

■ The Fourth Circuit evaluates three factors to determine whether an organization is associated with a church for the purposes of ERISA: (1) whether the religious institution plays an official role in the governance of the organization, (2) whether the organization receives assistance from the religious institution, and (3) whether a denominational requirement exists for any employee or patient/customer of the organization. *Lown v. Continental Casualty Co.*, 238 F.3d 543 (4th Cir.2001); *see also* 26 C.F.R. § 1.414(e)–1(d)(2).

I strongly suspect that both the plaintiff's employer and the Reform Pension Board Trust would fall comfortably within the definition of a "convention or association of churches," and Plaintiff's opposition to the motion does not seriously contest this point. However, the complaint does not allege facts that would lead me to reach this conclusion. Therefore, I cannot determine this issue on a motion to dismiss.

I am electing to convert this motion to a motion for summary judgment, so that defendant can submit information that will allow me to evaluate—using the statutory, regulatory and case-law criteria—whether plaintiffs employer and the Reform Pension Board Trust are part of a "convention or association of churches."

■ Plaintiff argues, in opposition to the current motion, that the Plan does not fall under the "church plan" exception because it is structured similarly to an ERISA plan and because her employer held the plan out to its employees as an ERISA plan by providing plaintiff and other employees with a Summary Plan Description (SPD). Plaintiff also asserts in her opposition that there is no denominational requirement for participants in the plan.

The court rejects the argument that the plan is not a "church plan" because it is similar to other welfare benefit plans that are covered by ERISA, or because the employer provided plaintiff with an SPD. There is no exemption from the "church plan" exemption for plans that are similar in structure to ERISA benefit plans, or for employers who give summary plan descriptions to their employees. Rather, "church plan" status is entirely a function of the nature of the institution that maintains the plan. In considering the converted motion, the court will focus on that question, and none other. If there is no requirement that plan participants be members of the a particular religious denomination, that will be one factor—but only one factor—in the analysis.

Defendant shall submit the necessary evidence concerning the nature of the Reform Pension Board Trust and of plaintiff's employer within ten (10) business days, unless plaintiff represents in writing that

she will not contest the issue. If plaintiff contests whether the Reform Pension Board Trust or her employer are part of a "convention or association of churches," she shall submit her evidence in opposition within ten (10) business days thereafter. The court will consider the converted motion on an expedited basis.

In the alternative, plaintiff proffers an amended pleading and seeks leave to file it. Since the defendant has not answered the original complaint, plaintiff is entitled to file an amended pleading as of right. Fed. R, Civ. P. 15(a). Before she files this pleading, however, she and her counsel should think carefully. While the proposed amended pleading states a cognizable claim for breach of contract, and arguably states a claim pursuant to the General Business Law (although the matter is not free from doubt, see *New York University v. Continental Ins. Co.*, 87 N.Y.2d 308, 639 N.Y.S.2d 283, 662 N.E.2d 763 (1995)), the RICO claim looks to be of the "in terroram" variety. In her opposition to the motion to dismiss, plaintiff indicated her belief that CIGNA was hiding behind the "church plan" argument to avoid paying plaintiff's attorneys' fees; since the state law claims asserted in the proposed amended complaint do not permit the recovery of attorneys' fees, it may be that plaintiff (or her attorney) are looking for a vehicle to replace that aspect of ERISA. However, this court frowns on "in terroram" RICO claims that turn out to be frivolous. Should plaintiff elect to file the amended complaint as is, she will have to comply with this court's rule and file a detailed Civil RICO Statement, in the form available on the Court's web site, before defendant will be required to respond to the amended pleading. If defendant

moves to dismiss the RICO claim after giving notice under Fed.R.Civ.P. 11, and I conclude that the claim is frivolous, I will award sanctions.[1]

This constitutes the order of the Court.

The conference scheduled for March 7, 2008 will be held at 10:30 AM, as scheduled.

---

1. As there appears to be diversity of citizenship, no federal claim is required to keep plaintiff's lawsuit in this court.